UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PC PAL SOLUTIONS, INC.,

    Plaintiff,                            CASE NO. 8:21-CV-01464-MSS-TGW

v.

UMA EDUCATION, INC.,

    Defendant.
_____/

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT, OR ALTERNATIVELY, MOTION TO STAY PENDING REFERRAL TO THE COPYRIGHT OFFICE**

Defendant UMA Education, Inc. ("Defendant" or "UMA"), pursuant to Fed. R. Civ. P. 12(b)(6), hereby requests the Court to enter an Order dismissing Plaintiff's Complaint for Copyright Infringement (D.E. 1; "Complaint") on the grounds that Plaintiff has failed to state a claim, or, in the alternative, staying these proceedings pending referral to the Copyright Office ("Office") the questions of whether the Office would have refused Plaintiff's copyright registration application if Plaintiff had provided accurate information in such application or, when presented with accurate information, the Office may now cancel Plaintiff's copyright registration.

## I.    INTRODUCTION

Plaintiff's Complaint should be dismissed for at least two reasons. First, Plaintiff fails to allege ownership of a *valid* copyright registration. A simple comparison of Plaintiff's allegations in its Complaint to the face of its copyright registration certificate

reveals that Plaintiff made several inaccurate representations to the Office in its registration application. Specifically, Plaintiff provided an inaccurate year of completion of the Copyrighted Work,[1] and failed to reveal that the Copyrighted Work had been published prior to registration. These inaccuracies, if known by the Office, would have resulted in the Office's rejection of Plaintiff's registration application or might now result in the Office's cancelation of the registration.

Second, Plaintiff's Complaint fails to identify the Copyrighted Work covered by its copyright registration, and thus fails to provide UMA notice of the infringement allegations against it. Indeed, there is no way for UMA or this Court to ascertain from the Complaint exactly what "work" Plaintiff alleges is entitled to protection or in what manner UMA is accused of infringing said "work." In the months leading up to this litigation, UMA repeatedly asked Plaintiff to identify the materials covered by its registration, and each time UMA's request was denied. Now, having initiated this lawsuit, Plaintiff still fails to adequately identify in its Complaint the "work" Plaintiff registered with the Office, and thus fails to plead a plausible claim for infringement.

Alternatively, the Court should stay these proceedings pending a determination by the Office as to whether the Office would have refused Plaintiff's copyright registration application if Plaintiff had provided accurate information in such

---

[1] In the Complaint, Plaintiff defines its "Copyrighted Work" as the subject matter of copyright registration number TXu 2-224-053. *See* Compl. at ¶ 8. Although it is unclear exactly what "work" is encompassed by the Copyrighted Work, the same nomenclature is used here for consistency.

application or, when presented with accurate information, the Office will now cancel Plaintiff's registration.

## II. THE COMPLAINT'S ALLEGATIONS

UMA is an accredited, nonprofit educational institution in the healthcare field. In addition to its educational offerings, UMA provides related services to its students and graduates, including helping them begin or advance their careers in their fields of study, such as medical billing and coding, health information technology, health care management, and associated disciplines.

UMA stands accused of infringing Plaintiff's Copyrighted Work, which Plaintiff defines as the subject matter of U.S. Copyright Registration No. TXu 2-224-053 for "Discover Office 2016 Comprehensive." *See* Compl. at ¶ 8. According to Plaintiff, "[t]he Copyrighted Work encompasses the content which has been infringed upon by UMA." *Id*. What Plaintiff's copyright registration *actually* covers, however, remains a mystery. The best UMA can glean from the face of Plaintiff's registration certificate is that the registration purports to cover "text". *See id*. at Exh. A. Plaintiff, however, fails to identify what "text" is covered by the registration and forms the basis of its infringement allegations.

Plaintiff also alleges, without elaboration, that the Copyrighted Work was "created and supplied" for "distribution and display in several 'introduction to computing' courses for UMA in the Spring of 2018," *id*. at ¶ 15, but the face of Plaintiff's copyright registration certificate indicates that the Copyrighted Work was

created in 2015. *See id.* at Exh. A. This discrepancy is not addressed by Plaintiff in the Complaint.

Nonetheless, in an apparent attempt to bolster its ill-defined infringement allegations, Plaintiff purports to have "automatically generated logs," *id.* at ¶ 21, that demonstrate that UMA "without license or authorization, continued to allow its instructors, faculty, and students access to and use of the Copyrighted Work" after UMA ended its business relationship with Plaintiff. *Id.* at ¶ 26. These "logs", however, are not included in the Complaint, and for several years prior to Plaintiff's initiation of this lawsuit, UMA's requests that Plaintiff provide copies of such "logs" were ignored.

### III. LEGAL STANDARD

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court accepts all well-pled facts as true to determine whether the complaint states a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, *i.e.*, more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). A plaintiff must plead more than "labels and

conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement." *Id.* (quoting *Twombly*, 550 U.S. at 555, 557). Although Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), the statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). As detailed below, Plaintiff's Complaint fails to state a claim giving this notice and, therefore, should be dismissed.

## IV. ARGUMENT

### A. The Complaint Should be Dismissed Pursuant to Rule 12(b)(6) for Failing to State a Claim.

To state a claim for copyright infringement, Plaintiff must allege "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publications, Inc. v. Rural Tel.Serv. Co.*, 499 U.S. 340, 361 (1991)); *see also Herzog v. Castle Rock Ent.*, 193 F.3d 1241, 1247–48 (11th Cir. 1999); *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1232–33 (11th Cir. 2010). "[A] plaintiff asserting copyright infringement must prove: (1) the specific original work that is the subject of the copyright claim; (2) that the plaintiff owns the copyright in the work; (3) that the work in question has been registered in compliance with the statute; and (4) by what acts and during what time the defendant has infringed the copyright." *Kirby Rambo Collections, Inc. v. Lee Cty.*, 2018 WL 2298623, at *3 (M.D. Fla. May 21, 2018) (internal quotes omitted). Ownership of a copyright registration is a prerequisite to commencing

5

a suit for infringement. *See, e.g., Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 886, 203 L. Ed. 2d 147 (2019). Here, Plaintiff fails to allege ownership of a valid copyright registration and fails to identify the work UMA is accused of infringing.

### i.  Plaintiff's Copyright Registration is Invalid.

As the Eleventh Circuit has ruled, "in order to invalidate a [copyright] registration, (1) the application must contain inaccuracies, (2) the inaccuracies must be material, and (3) the applicant must have the required scienter of intentional or purposeful concealment." *Roberts v. Gordy*, 877 F.3d 1024, 1030 (11th Cir. 2017).

#### a.  The application contains inaccuracies.

Plaintiff's copyright registration certificate (Compl., Exh. A) contains at least two inaccuracies: *first*, it lists an incorrect year of completion of the Copyrighted Work; *second*, it fails to indicate that the Copyrighted Work was published prior to registration.

Plaintiff's registration certificate indicates that the Copyrighted Work was completed in **2015**. *See* Compl., Exh. A. In the Complaint, however, Plaintiff alleges that "PC PAL created and supplied the Copyrighted Work for distribution and display . . . *in the Spring of 2018*," *Id*. at ¶ 15 (emphasis added). Accordingly, Plaintiff's copyright registration is inaccurate as to the year of completion of the Copyrighted Work.

Further, Plaintiff's statement that the Copyrighted Work was "*created and supplied . . . for distribution and display*" in 2018, *id.* (emphasis added), is an admission that the Copyrighted Work was published long before Plaintiff applied for its copyright registration in late 2020.[2] The Copyright Act, 17 U.S.C. § 101, in relevant part, defines "publication" as:

> the distribution of copies . . . of a work to the public by sale or other transfer of ownership, or by rental, lease, or lending. The offering to distribute copies or phonorecords to a group of persons for purposes of further distribution, public performance, or public display, constitutes publication.

Plaintiff's admission in its Complaint that the Copyrighted Work was "supplied" to UMA for "distribution and display" falls squarely within the Copyright Act's definition of "publication." The face of Plaintiff's copyright registration certificate, however, does not indicate that the Copyrighted Work was published prior to registration. *See* Compl. at Exh. A. If Plaintiff had informed the Office that the Copyrighted Work was published long prior to registration, such information would be noted on the face of the certificate. *See MidlevelU, Inc. v. ACI Info. Grp.*, 989 F.3d 1205, 1219 (11th Cir. 2021) (stating "[t]he date of publication is a fact stated in the certificate") (internal quotes omitted); 17 U.S.C. § 410(a) ("The certificate shall

---

[2] Plaintiff filed its copyright registration application on October 27, 2020, as indicated by the "Effective Date of Registration" on the Certificate. *See* 17 U.S.C. § 410(d) ("The effective date of a copyright registration is the day on which an application, deposit, and fee, which are later determined by the Register of Copyrights or by a court of competent jurisdiction to be acceptable for registration, have all been received in the Copyright Office.").

7

contain the information given in the application, together with the number and effective date of the registration.").

### b. The inaccuracies are material.

"Materiality hinges on whether the Copyright Office would have refused the application if the inaccuracy were known." *Roberts*, 877 F.3d at 1029. A failure to identify that a work was published prior to registration is sufficient to render a copyright registration invalid. *See, e.g., Madden v. DreamWorks, LLC*, 2009 WL 10706573, at *8 (E.D.N.Y. July 6, 2009) (acknowledging that "a registration wrongly identifying a work as unpublished, when in it had in fact been published, is invalid"); U.S. Copyright Office, Compendium of U.S. Copyright Office Practices § 1507.1 (3d ed. 2021) ("The deposit requirements for works fixed in hard copy format *vary depending on whether the work is unpublished or published*.") (emphasis added).  Indeed, as the Eleventh Circuit has noted, the Office has previously deemed an inaccurate year of completion of a work *and* an identification of a work as unpublished when it was, in fact, published, to be material. *See Roberts*, 877 F.3d at 1027 (acknowledging the Office's opinion as to the materiality of completion date and publication status).

Under the Copyright Act, a determination of whether the inaccuracies in Plaintiff's application are material is made by the Office. *See* 17 U.S.C. § 411(b)(2) ("In any case in which inaccurate information described under paragraph (1) is alleged, the court shall request the Register of Copyrights to advise the court whether the inaccurate information, if known, would have caused the Register of Copyrights to

refuse registration."); *Roberts*, 877 F.3d at 1029 (stating that "[i]n order to aid in the determination of materiality, the district court must make an inquiry to the Copyright Office.") (citations omitted).

Accordingly, the Court should refer to the Office the questions of whether Plaintiff's (i) inaccurate year of completion of the Copyrighted Work; and/or (ii) its failure to disclose the date of first publication of the Copyrighted Work in its application, would have caused the Office to reject the application, or now to cancel the registration.

### c. Plaintiff intentionally excluded the fact of the Copyrighted Work's publication prior to registration.

In 2020, when Plaintiff filed its application to register the Copyrighted Work, Plaintiff knew that it had created and published the Copyrighted Work at least as early as the spring of 2018. *See* Compl., ¶ 15. According to Plaintiff, it repeatedly delivered content to UMA in "several formats," such as "digital files" and "interactive exercises, lesson presentations, and e-texts" for use in UMA's courses, and allegedly actively tracked access to the works by UMA faculty and students. *See, e.g., id.* at ¶¶ 17, 21. This was Plaintiff's standard practice with UMA since 2012. *See id.* at ¶ 11. Assuming the truth of these factual allegations, it is inconceivable that, despite all this information included by Plaintiff in its own Complaint, Plaintiff would have any reasonable basis to believe its Copyrighted Work was not published prior to Plaintiff's registration application in 2020. Indeed, these actions by Plaintiff, which undoubtedly

fall within the Copyright Act's definition of "publication," actually form the basis for the infringement allegations in the Complaint.

Further, the consequence of Plaintiff's omission from its application is not inconsequential. By asserting in its application that the Copyrighted Work was not published prior to the effective date of registration, Plaintiff apparently attempts to leave open the possibility of claiming statutory damages and attorneys' fees under the Copyright Act. *See, e.g, MidlevelU, Inc.*, 989 F.3d at 1219 (acknowledging "[s]tatutory damages are not available for 'any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.'") (quoting 17 U.S.C. § 412(2)); 17 U.S.C. § 504(c)(2) (setting maximum statutory damages at $150,000).[3]  The availability of statutory damages and attorneys' fees under the Copyright Act would undoubtedly increase any copyright registration owner's leverage in litigation or settlement negotiations, and provides a clear motive for an applicant to deceive the Office.

In view of the foregoing, Plaintiff's Complaint should be dismissed with prejudice.  Even if the Court were to deem the inaccuracies in Plaintiff's registration inadvertent, the Complaint should still be dismissed so that Plaintiff may have the opportunity to attempt to remedy the deficiencies in its registration with the Office.

---

[3] In the event Plaintiff did attempt to seek statutory damages at some point in this case, such claim should be rejected due to its registration's invalidity and Plaintiff's prior publication of the Copyrighted Work.

### ii. Plaintiff Fails to Allege UMA Copied Elements of the Copyrighted Work That Are Original.

In its Complaint, Plaintiff also fails to meet its burden of identifying the Copyrighted Work covered by its copyright registration and allegedly infringed by UMA. Plaintiff does not identify the specific "work" it alleges has been infringed, nor does it identify any "constituent elements of the work[s] that are original." *Feist*, 499 U.S. at 361. Instead, Plaintiff's allegations amount to nothing more than sweeping, conclusory allegations that UMA infringed its copyrights.

By refusing to identify the Copyrighted Work at issue with any particularity, Plaintiff denies UMA and the Court the opportunity to ascertain precisely what Plaintiff claims is protected by its copyright registration, and what elements of the Copyrighted Work were allegedly infringed, in order to evaluate the propriety of its claim. Instead of meeting its burden of alleging a plausible claim for relief and identifying the Copyrighted Work at issue, Plaintiff provides what it calls a "detailed description" of "content" that amounts to nothing more than a mere listing of "assets" and generalized "component descriptions" of various categories of materials incorporated into course curricula. *See* Compl. at ¶ 16; Exh. B. These lists, which include references to content such as "interactive lesson[s]" that feature "voice" and "text instruction" that can be "paused, fast forwarded, rewinded etc.," is flatly inconsistent with the face of Plaintiff's copyright registration certificate, which covers only author created "text." *Compare* Compl. at Exh. A; Exh. B.

Plaintiff's conclusory statements that "[t]he Copyrighted Work encompasses the content which has been infringed upon by UMA," *id.* at ¶ 8, and "UMA has committed acts of direct copyright infringement by, among other things, display and distribution of the Copyrighted Work without authorization or compensation," *id.* at ¶ 33, are insufficient to bring Plaintiff's allegations from the realm of possible to plausible as required under *Twombly* and *Iqbal*. Plaintiff does not identify the Copyrighted Work it claims is covered by its copyright registration, does not provide any factual support for the existence of "logs" demonstrating unauthorized access to the Copyrighted Work, and does not provide any specific facts demonstrating how UMA allegedly displayed or distributed the Copyrighted Work. Each of these deficiencies, standing alone, render the Complaint incapable of surviving this Motion to Dismiss. Notably, the "interactive lesson" that Plaintiff alleges is covered by its copyright registration includes a "simulation of the Microsoft Office environment." *See* Compl. at Exh. B. This reference to a simulation of a third party's work (Microsoft Office) raises the very real prospect that portions of the Copyrighted Work asserted by Plaintiff are not "original" so as to qualify for copyright protection. *See Feist*, 499 U.S. at 361; 17 U.S.C. § 102 ("[c]opyright protection subsists, in accordance with this title, in *original works of authorship* fixed in any tangible medium of expression . . . .") (emphasis added). Plainly, Plaintiff cannot and presumably does not claim any copyright protection in any content authored by Microsoft, or any other third party. Based on the Complaint's unclear and incomplete allegations, however, UMA has no way to determine whether Plaintiff's claims include or exclude such third-party

12

content, and, therefore, UMA cannot assess whether additional bases to challenge Plaintiff's infringement claims are available. *See, e.g., Seven Oaks Millwork, Inc. v. Royal Foam US, LLC*, 483 F. Supp. 3d 1192, 1197, n.3 (M.D. Fla. 2020) (acknowledging that "[w]hether portions of a work are unprotected under copyright law is a question of law for the Court") (citing *Home Design Servs., Inc. v. Turner Heritage Homes Inc.*, 825 F.3d 1314, 1326 (11th Cir. 2016)).

Further, "[c]ourts can examine copyright claims for substantial similarity as to a work's protected material at the motion to dismiss stage when a comparison of the undisputed works is possible." *Id*. (citing *Sieger Suarez Architectural Partnership, Inc. v. Arquitectonica Intern. Corp.*, 998 F. Supp. 2d 1340, 1349-51 (S.D. Fla. 2014)); *see also Peter F. Gaito Architecture, LLC v. Simone Dev. Corp., et al.*, 602 F.3d 57, 64 (2d Cir. 2010) (court can consider similarity on a motion to dismiss); *Winstead v. Jackson*, 509 F. App'x. 139 (3d Cir. 2013) (affirming dismissal in action alleging infringement of a novel); *Nelson v. PRN Prods., Inc.*, 873 F.2d 1141 (8th Cir. 1989) (affirming dismissal in action alleging infringement of a song); *Taylor v. IBM*, 54 F. App'x. 794 (5th Cir. 2002) (affirming dismissal, finding term "pre-paid card" is not copyrightable); *Christianson v. W. Publg. Co.*, 149 F.2d 202 (9th Cir. 1945) (affirming dismissal in action alleging infringement of a map); *Jacobsen v. Deseret Book Co.*, 287 F.3d 936 (10th Cir. 2002) (holding that a district court considering a 12(b)(6) motion determines the legal effect of the works by the works themselves and not allegations in the complaint). By refusing to identify the Copyrighted Work at issue, Plaintiff is depriving UMA and this Court

the opportunity to resolve this matter quickly and efficiently at the motion to dismiss stage, and risks needlessly wasting this Court's resources.

In short, Plaintiff's vague assertions are insufficient to put UMA on notice of the claims against it, and insufficient for UMA and this Court to determine whether Plaintiff's asserted Copyrighted Work is even entitled to protection or enforcement. *See Feist*, 499 U.S. at 361 ("Not all copying constitutes infringement."); *Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1224 (11th Cir. 2008) ("In identifying the protected elements of a plaintiff's work, the court must be mindful of the fundamental axiom that copyright protection does not extend to ideas but only to particular expressions of ideas.").

Moreover, Courts in this District routinely reject such vague, conclusory allegations. *See, e.g., Dodd v. St. Petersburg Coll. Bd. of Trustees*, 2021 WL 1842198, at *2 (M.D. Fla. Mar. 11, 2021), *report and recommendation adopted*, 2021 WL 1840438 (M.D. Fla. May 7, 2021) (dismissing complaint for being "completely devoid of any factual allegations of copying" because "Plaintiff does not identify the ways in which Defendant allegedly copied original elements of Plaintiff's work."); *Alvarez v. Walt Disney Motion Pictures*, 2014 WL 12617909, at *2 (M.D. Fla. June 25, 2014) (dismissing complaint because plaintiff fails to "even allege details of his own work" and acknowledging "[t]here is simply no way to tell from the [complaint] what the copyrighted works contain. . . .").

Other courts also reject such vaguely-plead copyright infringement allegations. *See, e.g., Matelyan v. West*, 2020 WL 9422374, at *2 (N.D. Cal. Jan. 29, 2020), *report*

14

*and recommendation adopted*, 2020 WL 9422377 (N.D. Cal. Feb. 13, 2020) (simply listing works in attachment to complaint and failing to identify protected elements of the works is insufficient to state a claim for copyright infringement); *MultiCraft Imports, Inc. v. Mariposa USA, Inc.*, 2017 WL 5664996, at *3 (C.D. Cal. Sept. 14, 2017) (dismissing complaint because "[a]bsent any allegations of even representative infringements [the complaint] fails to provide notice as a matter of law."). Accordingly, Plaintiff's Complaint should be dismissed.[4]

### B. In the Alternative, the Court Should Stay These Proceedings Pending Referral to the Office.

"The district court has a general discretionary power to stay proceedings before it in the control of its docket and in the interests of justice." *CTI-Container Leasing Corp. v. Uiterwyk Corp.*, 685 F.2d 1284, 1288 (11th Cir. 1982) (citing *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982)). Courts often enter stays when a question is referred to the Office pursuant to 17 U.S.C. § 411(b)(2). *See, e.g., Study Edge, LLC v. Skoolers Tutoring Ctr., LLC*, 2018 WL 3414559, at *1 (N.D. Fla. May 29, 2018) (stating "[t]here is no doubt that staying this case until the Register of Copyrights has responded to this Court's statutorily required request serves the interests of justice.").

Here, a stay is appropriate if the Court refers to the Office the questions of whether the inaccuracies in Plaintiff's copyright registration application would have

---

[4] Alternatively, UMA respectfully requests an order requiring Plaintiff to provide a more definite statement. "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).

15

caused the Office to reject the application or, when presented with accurate information, cause the Office to cancel Plaintiff's registration. The inconsistencies between Plaintiff's copyright registration certificate and the allegations in the Complaint raise questions about the validity of the registration. Staying this case when a threshold, jurisdictional requirement for Plaintiff to even initiate this lawsuit is in doubt - namely, the requirement that Plaintiff own a valid copyright registration - serves the interest of justice.

Accordingly, in the alternative, UMA requests this Court stay these proceedings pending receipt of the Office's opinion as to the validity of Plaintiff's copyright registration.

## V. CONCLUSION

WHEREFORE Defendant requests the Court to enter an Order dismissing the Complaint, or, in the alternative, staying these proceedings, along with any other relief the Court deems just and necessary under the circumstances.

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)

I hereby certify that I conferred with Plaintiff's counsel, Christopher Knopik, Esq., by email and by telephone on July 19 and July 20, 2021, who has indicated that Plaintiff opposes the relief requested herein.

Dated: July 22, 2021.

        Respectfully submitted,

        **GREENBERG TRAURIG, P.A.**

        **s/Gregory W. Herbert**
        Gregory W. Herbert
        Florida Bar No. 0111510
        herbertg@gtlaw.com
        Stephen G. Anderson
        Florida Bar No. 105697
        andersonst@gtlaw.com
        450 S. Orange Avenue, Suite 650
        Orlando, Florida 32801-3371
        Telephone: (407) 420-1000
        Facsimile: (407) 841-1295

        *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 22 day of July, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel for record.

        s/Gregory W. Herbert