UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**PC PAL SOLUTIONS, INC.,**

    **Plaintiff,**

v.                                     **Case No: 8:21-cv-1464-MSS-TGW**

**UMA EDUCATION, INC.,**

    **Defendant.**

_____

**ORDER**

    **THIS CAUSE** comes before the Court for consideration of Defendant's Motion to Dismiss Plaintiff's Complaint for Copyright Infringement, or Alternatively, Motion to Stay Pending Referral to the Copyright Office, (Dkt. 11), and Plaintiff's response in opposition thereto. (Dkt. 13) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **DENIES** Defendant's Motion.

    **I.**     **BACKGROUND**

    This copyright infringement action alleges that UMA Education, Inc. engaged in the unauthorized use of "courseware" developed by PC Pal Solutions, Inc. (Dkt. 1 at ¶¶ 29, 33) PC Pal produces training materials for use in "corporate education settings." (Id. at ¶ 7) Beginning in February 2012, PC Pal provided "proprietary course content" to UMA, an "accredited healthcare educational institution." (Id. at ¶¶ 9, 11) PC Pal provided the materials to UMA through Pearson Education, Inc., which paid

PC Pal for the right to distribute PC Pal content to several educational institutions, including UMA. (Id. at ¶¶ 11-12)

PC Pal contends UMA infringed PC Pal's copyright in "Discover Office 2016 Comprehensive," a series of training modules on Microsoft Office 2016. (Id. at ¶ 8; Dkt. 1-2) PC Pal claims it developed the materials in 2015, supplied them to UMA for three "introduction to computing" courses in the spring of 2018, and registered the modules with the United States Copyright Office in October 2020. (Dkt. 1 at ¶¶ 8, 15; Dkt. 1-1) PC Pal alleges its contract with Pearson expired in July 2018 and, thereafter, UMA ceased being an authorized user of PC Pal course content. (Dkt. 1 at ¶¶ 22-23) PC Pal and UMA then allegedly attempted to negotiate an agreement regarding the use of PC Pal's materials. (Id. at ¶ 24) Those negotiations were unsuccessful. (Id. at ¶ 25) Nevertheless, UMA allegedly "continued to allow its instructors, faculty, and students access to and use of" Discover Office 2016. (Id. at ¶ 26)

PC Pal contends that UMA committed direct copyright infringement by "display[ing] and distribut[ing]" Discover Office 2016 "without authorization" from PC Pal. (Id. at ¶ 33) UMA moved to dismiss the Complaint, arguing that (i) PC Pal fails to allege ownership of a valid copyright registration because PC Pal made "several inaccurate representations to the [Copyright] Office in its registration application," and (ii) PC Pal does not sufficiently identify the work covered by its copyright registration and thus "fails to provide UMA notice of the infringement allegations against it." (Dkt. 11 at 1-2) UMA alternatively requests that the Court "stay these proceedings pending a determination by the [Copyright] Office as to whether the

Office would have refused [PC Pal's] copyright registration application if [it] had provided accurate information in" its application. (Id. at 2-3)

## II. LEGAL STANDARD

The threshold for surviving a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a low one. Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., et al., 711 F.2d 989, 995 (11th Cir. 1983). A plaintiff must plead only enough facts to state a claim to relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1968-69 (2007) (abrogating the "no set of facts" standard for evaluating a motion to dismiss established in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff is still obligated to provide the "grounds" for his entitlement to relief, and "a formulaic recitation of the elements of a cause of action will not do." Berry v. Budget Rent A Car Sys., Inc., 497 F. Supp. 2d 1361, 1364 (S.D. Fla. 2007) (quoting Twombly, 127 S. Ct. at 1964-65). In evaluating the sufficiency of a complaint in light of a motion to dismiss, the well pleaded facts must be accepted as true and construed in the light most favorable to the plaintiff. Quality Foods, 711 F.2d at 994-95. However, the court should not assume that the plaintiff can prove facts that were not alleged. Id. Thus, dismissal is warranted if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue that precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989).

### III. DISCUSSION

#### A. The Validity of the Copyright Registration

UMA contends that this action should be dismissed because PC Pal's copyright registration for Discover Office 2016 is invalid. (Dkt. 11 at 6) UMA seeks to invalidate the registration on the grounds that it (i) lists "an incorrect year of completion" for Discover Office 2016 and (ii) fails to disclose that Discover Office 2016 "was published prior to registration." (Id.) These arguments are premature and do not require dismissal of the Complaint at this stage of the litigation.

"To establish a claim of copyright infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Roberts v. Gordy, 877 F.3d 1024, 1028 (11th Cir. 2017). A copyright "inheres in authorship and exists whether or not it is ever registered. The Copyright Act makes clear that registration is a separate issue from the existence of the copyright itself." Id. at 1028-29. Nevertheless, "registration is a prerequisite to filing an infringement action." Id. at 1029 (citing 17 U.S.C. § 411(a)).

"In some instances, inaccuracies can invalidate a registration, thus voiding compliance with this prerequisite." Id. The Copyright Act provides that a "certificate of registration satisfies the [registration requirement of § 411(a)], regardless of whether the certificate contains any inaccurate information," unless (i) "the inaccurate information was included on the application for copyright registration with knowledge that it was inaccurate," and (ii) "the inaccuracy of the information, if known, would have caused the Register of Copyrights to refuse registration." 17 U.S.C. § 411(b)(1).

Thus, "in order to invalidate a registration, (1) the application must contain inaccuracies, (2) the inaccuracies must be material, and (3) the applicant must have the required scienter of intentional or purposeful concealment." Roberts, 877 F.3d at 1030. "Materiality hinges on whether the Copyright Office would have refused the application if the inaccuracy were known." Id. at 1029. "In order to aid in the determination of materiality, the district court must make an inquiry to the Copyright Office." Id. (citing 17 U.S.C. § 411(b)(2)). Before making this inquiry, however, a court may "first require the party seeking invalidation to establish as a factual matter that the applicant included inaccurate information on the registration application with knowledge that it was inaccurate." Palmer/Kane LLC v. Gareth Stevens Publ'g, No. 1:15-CV-7404-GHW, 2016 WL 6238612, at *2 (S.D.N.Y. Oct. 24, 2016) (collecting cases).

UMA contends that the registration incorrectly states that Discover Office 2016 was completed in 2015. (Dkt. 11 at 6; Dkt. 1-1) UMA bases this assertion on a single sentence from the Complaint: "PC Pal created and supplied [Discover Office 2016] for distribution and display in several 'introduction to computing' courses for UMA in the Spring of 2018." (Dkt. 1 at ¶ 15) According to UMA, this sentence proves that PC Pal developed Discover Office 2016 in the spring of 2018. (Dkt. 11 at 6) The Court rejects this argument. On a motion to dismiss, this Court must construe the Complaint "in the light most favorable" to PC Pal. Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1249 (11th Cir. 2005). Viewed in that light, the allegation in question states only that PC Pal supplied UMA with Discover Office 2016 in the spring of 2018.

Notably, in opposition to the motion to dismiss, PC Pal clarifies that it did *not* intend to allege that Discover Office 2016 was completed in the spring of 2018. (Dkt. 13 at 7) Thus, the Court cannot conclude at this stage of the litigation that the copyright registration misstates the date of completion.

Next, UMA contends that the registration incorrectly describes Discover Office 2016 as an unpublished work. (Dkt. 11 at 7) According to UMA, this statement is inaccurate because two years prior to registration, PC Pal published Discover Office 2016 by allowing UMA to use the materials in three "introduction to computing" courses. (Id.) At this stage of the litigation, it is unclear whether PC Pal published Discover Office 2016 before registering the copyright. Thus, the Court declines to dismiss the Complaint based on this alleged inaccuracy.

Publication under the Copyright Act "occurs when one or more copies or phonorecords are distributed to a member of the public who is not subject to any express or implied restrictions concerning the disclosure of the content of that work." U.S. Copyright Office, Compendium of U.S. Copyright Office Practices § 1905.1 (3d ed. 2021). "Limited publication does not constitute 'publication' for copyright purposes." Applied Concepts Unleashed, Inc. v. Matthews, No. 12-14035-CIV, 2012 WL 12831313, at *2 (S.D. Fla. Oct. 1, 2012), adopted by 2012 WL 12831544 (S.D. Fla. Oct. 19, 2012). "A limited publication has been defined as a publication that communicates the contents of a [work] to a definitely selected group and for a limited purpose, and without the right of diffusion, reproduction, distribution or sale." Aerospace Servs. Int'l v. LPA Grp., Inc., 57 F.3d 1002, 1003 (11th Cir. 1995).

PC Pal contends that it did not publish Discover Office 2016 before registering the copyright. (Dkt. 13 at 8) According to PC Pal, the pre-registration distribution of Discover Office 2016 to UMA was merely a "limited publication." (Id.) In support, PC Pal claims that "[o]nly those UMA students and teachers who were assigned the UMA courses within UMA's Learning Management System had access to the required usernames and passwords and rights to access PC Pal content." (Id.) A motion to dismiss is not the appropriate vehicle to decide whether PC Pal's distribution of Discover Office 2016 to UMA constituted a limited publication—and thus whether the copyright registration accurately describes the work as unpublished. See, e.g., Edland v. Basin Elec. Power Coop., No. 4:21-CV-04008-KES, 2021 WL 3080225, at *3 (D.S.D. July 21, 2021) (denying motion to dismiss based on allegedly "invalid copyright registration" because "whether the Videos were actually published or unpublished, whether [plaintiff's] application contained inaccurate information, and whether he knew the application contained inaccurate information are questions of fact that go beyond the court's Rule 12(b)(6) inquiry"). UMA may explore these issues in discovery and, if appropriate, renew this argument at summary judgment or trial.[1]

Because the record before the Court does not establish that PC Pal's copyright registration contains knowing misstatements, the Court will not at this time refer to the Copyright Office "the questions of whether the [alleged] inaccuracies in [PC Pal's]

---

[1] Dismissal based on an allegedly invalid copyright registration is also premature because there is no evidence in the record as to whether PC Pal had "the required scienter of intentional or purposeful concealment" when it completed its copyright registration. Roberts, 877 F.3d at 1030.

7

copyright registration application would have caused the Office to reject the application or, when presented with accurate information, cause the Office to cancel [PC Pal's] registration." (Dkt. 11 at 15-16; see also DeliverMed Holdings, LLC v. Schaltenbrand, 734 F.3d 616, 625 (7th Cir. 2013) ("[C]ourts can demand that the party seeking invalidation first establish that the other preconditions to invalidity are satisfied before obtaining the Register's advice on materiality.")) If, at a later stage of the litigation, UMA can establish that the copyright registration contains knowing misstatements, it may renew its request for a referral to the Copyright Office.

### B. Direct Copyright Infringement

UMA also contends that the Complaint is subject to dismissal because PC Pal fails to sufficiently "identify the specific 'work' it alleges has been infringed." (Dkt. 11 at 11) This argument fails.

As noted above, "[t]o establish a claim of copyright infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Roberts, 877 F.3d at 1028. "[A] heightened pleading standard . . . is not required in copyright and trademark infringement cases." Light for Life, Inc. v. Our Firm Found. for Koreans, Inc., No. 3:12-CV-38 CAR, 2012 WL 4397421, at *6 (M.D. Ga. Sept. 24, 2012). Here, PC Pal adequately alleges both elements of a copyright infringement claim. PC Pal pleads that (i) it owns "a registered copyright for a work entitled Discover Office 2016 Comprehensive, registration number TXu 2-224-053," and (ii) UMA infringed the copyright in Discover Office 2016 by allowing "its instructors, faculty, and students" to continue using Discover

Office 2016 after it ceased being "an authorized user of PC Pal course content." (Dkt. 1 at ¶¶ 8, 23-26, 33) These allegations "are sufficient to provide [UMA] with fair notice of the materials that are the subject of [PC Pal's] copyright claim." <u>Dish Network L.L.C. v. Fraifer</u>, No. 8:16-CV-2549-T-60CPT, 2020 WL 1515938, at *6 (M.D. Fla. Jan. 31, 2020), <u>adopted by</u> 2020 WL 1512090 (M.D. Fla. Mar. 30, 2020).[2]

## IV.  CONCLUSION

Upon consideration of the foregoing, it is hereby **ORDERED** as follows:

1. Defendant's Motion to Dismiss Plaintiff's Complaint for Copyright Infringement, or Alternatively, Motion to Stay Pending Referral to the Copyright Office, (Dkt. 11), is **DENIED**.

2. Defendant shall file an answer to the Complaint within **fourteen (14) days** of the date of this Order.

**DONE** and **ORDERED** in Tampa, Florida, this 8th day of September 2021.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person

---

[2] For the same reasons, this Court rejects UMA's request for an order requiring PC Pal to provide a more definite statement. (Dkt. 11 at 15 n.4)