UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PC PAL SOLUTIONS, INC.,

    Plaintiff,

v.                                          Case No.: 8:21-CV-1464-MSS-TGW

UMA EDUCATION, INC.,

    Defendant.
_____/

**UMA EDUCATION, INC.'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant UMA EDUCATION, INC. ("Defendant" or "UMA"), by and through undersigned counsel, hereby answers the allegations of the Complaint (the "Complaint"), filed by Plaintiff PC PAL SOLUTIONS, INC. ("Plaintiff" or "PC PAL"), paragraph by corresponding paragraph, as follows:

**NATURE OF ACTION**

1. Paragraph 1 contains jurisdictional allegations to which no response is required, otherwise denied.

**JURISDICTION AND VENUE**

2. Paragraph 2 contains jurisdictional allegations to which no response is required, otherwise denied.

3. Admitted that venue is proper, otherwise denied.

1

4. Admitted that UMA conducts business in this district, otherwise denied.

## PARTIES

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5.

6. Admitted.

## BACKGROUND

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7.

8. Deny that UMA has infringed any rights, otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8.

9. Admitted.

10. Admitted that Plaintiff at one time provided content to a third party, who in turn provided content to UMA, but deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 10 and in particular whether any such content was proprietary to Plaintiff; otherwise denied.

11. Admitted that Plaintiff at one time provided content to a third party, Pearson Education, Inc., who in turn provided content to UMA, but deny

knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 11 and in particular whether any such content was proprietary to Plaintiff; otherwise denied.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12.

13. Admitted that UMA at one time made payments to Pearson for course content that included certain content Plaintiff alleges herein is Plaintiff's, but otherwise deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 13.

14. Admitted that UMA reported enrollment figures directly to Pearson, who presumably reported figures to Plaintiff; otherwise deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 14.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15.

16. Admitted that UMA offered courses to its students with the course number designations as referenced; otherwise refer the Court to the Exhibit referenced, which speaks for itself, for a true and complete recitation of its content in proper context.

17. Admitted that Plaintiff provided content, pursuant to UMA's

contractual arrangement with a third party, in various formats including through publicly-accessible links to files hosted on Amazon Web Services and including for inclusion in UMA's Learning Management System, otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17.

18. Denied.

19. Admitted that UMA reported enrollment information to Pearson, who presumably reported such information to Plaintiff; otherwise deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 19.

20. Admitted that UMA discontinued reporting enrollment figures to Pearson after July 31, 2018; otherwise deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 20.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23.

24. Admitted that UMA was aware of the expiration of its agreement

with Pearson in July, 2018 that related to the content Plaintiff provided through Pearson, and admitted that at some point the parties discussed a future business relationship between Plaintiff and UMA; otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24.

    25.    Denied.

    26.    Denied.

    27.    Denied.

## COUNT I: DIRECT COPYRIGHT INFRINGEMENT

    28.    UMA incorporates prior paragraphs.

    29.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29.

    30.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30.

    31.    Denied.

    32.    Denied.

    33.    Denied.

    34.    Denied.

    35.    Denied.

## AS TO ALL COUNTS

The remaining allegations are prayers for relief that do not require an admission or denial by UMA. To the extent a response is required, the allegations are denied. Unless specifically admitted herein, all allegations are denied. UMA further denies that Plaintiff is entitled to any relief, including the relief requested in the Complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a cause of action upon which relief can be granted.

2. Plaintiff lacks standing to bring the claims asserted to the extent that Plaintiff is not the sole or rightful author or owner of the asserted works or the copyright in and to the asserted works.

3. This Court lacks subject matter jurisdiction over the copyright claims asserted, to the extent that Plaintiff is not the sole or rightful author or owner of the asserted works or the copyright in and to the asserted works.

4. All applicable statutes of limitation are reserved as a defense.

5. UMA's conduct that is alleged to give rise to the claims herein was at all times innocent, was undertaken in good faith and without knowledge of Plaintiff's claims, and was not willful or in bad faith in any manner or respect whatsoever.

6. Plaintiff licensed, authorized and/or otherwise consented or acquiesced to the conduct alleged to be wrongful.

7. The doctrine of laches is reserved as a defense.

8. Plaintiff's claims are barred by the doctrines of estoppel or acquiescence.

9. Plaintiff's claims have been waived.

10. Plaintiff lacks ownership of any exclusive right in or to the asserted works.

11. Plaintiff's claims are barred in whole or in part to the extent that Plaintiff is not the author of the asserted works.

12. Plaintiff's claims are barred in whole or in part to the extent that the asserted works do not satisfy the requirements for copyright protection under the Copyright Act or other applicable law.

13. Plaintiff's claims are barred in whole or in part because its asserted copyright registration is invalid, for the grounds set forth in UMA's Motion to Dismiss the Complaint or other applicable law.

14. Plaintiff's claims are barred in whole or part to the extent that Plaintiff has failed to comply with applicable registration formalities.

15. Plaintiff's claims are barred in whole or part to the extent that the works allegedly registered with the U.S. Copyright Office differ from the asserted

works.

16. Plaintiff's claims are barred in whole or part because the asserted works, or elements thereof, are not protectible under copyright law.

17. Plaintiff's claims are barred in whole or in part to the extent that the asserted works, or elements thereof, consist of *scenes a faire*, generic works, third-party works, derivative works, or other works otherwise not protected under the Copyright Act or applicable law.

18. Plaintiff's claims are barred in whole or in part by the doctrine of fair use.

19. Accord and satisfaction is reserved as a defense.

20. Plaintiff has not suffered any damages.

21. Plaintiff's damages, if any, are only consequential.

22. Plaintiff's damages, if any, are not caused by any conduct of Defendant.

23. Plaintiff has failed to reasonably mitigate any alleged damages.

24. Plaintiff's damages, if any, are caused by the conduct of third parties not within Defendant's knowledge or control.

25. Plaintiff's claims are barred in whole or in part due to the doctrine of unclean hands.

26. Plaintiff has suffered no irreparable harm.

27. Plaintiff has an adequate remedy at law.

28. Plaintiff's claims for injunctive relief are barred by the doctrine of mootness.

29. Plaintiff's claims are barred in whole or in part because the equitable relief sought by Plaintiff would be contrary to the public interest and to the interests of third parties.

30. Defendant reserves the right to amend or supplement this statement of affirmative defenses.

                        Respectfully Submitted,

                        **GREENBERG TRAURIG, P.A.**

                        **s/Gregory W. Herbert**
                        Gregory W. Herbert
                        Florida Bar No. 0111510
                        HerbertG@gtlaw.com
                        Stephen G. Anderson, Esq.
                        Florida Bar No. 105697
                        andersonst@gtlaw.com
                        450 South Orange Avenue, Suite 650
                        Orlando, Florida 32801
                        Telephone: (407) 420-1000
                        *Counsel for Defendant*

Dated: September 22, 2021